177 Cal.App.4th 223 (2009)
RANDOLPH CLIFTON KLING, Petitioner,
v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.
No. B208748.
Court of Appeals of California, Second District, Division Six.
August 31, 2009.
*227 Duane Dammeyer, Public Defender, and Michael C. McMahon, Chief Deputy Public Defender, for Petitioner.
No appearance for Respondent.
Gregory D. Totten, District Attorney, Michael D. Schwartz, Special Assistant District Attorney, and Cheryl M. Temple, Deputy District Attorney, for Real Party in Interest.

OPINION
GILBERT, P. J.
Penal Code section 1326 requires that documents produced in response to a defendant's subpoena duces tecum in a criminal action be delivered to the clerk of the court.[1] The court may order an in camera hearing to determine whether the defendant is entitled to receive the documents subpoenaed. (§ 1326, subd. (c).)
In People v. Superior Court (Humberto S.) (2008) 43 Cal.4th 737 [76 Cal.Rptr.3d 276, 182 P.3d 600] (Humberto S.), our Supreme Court held that the prosecution must receive notice of the hearing, but left unanswered the question to what extent the prosecution may participate in the hearing. Here we answer the question.
We conclude the prosecution has a limited role. Absent exceptional circumstances, the prosecution may not know who the defense has subpoenaed or what documents were subpoenaed unless the defense decides to use them at trial. The prosecution is then entitled to discovery pursuant to the reciprocal discovery provisions of section 1054.3. At section 1326 hearings, the prosecution is often seen but not heard. The prosecution's compelled silence may be broken when the court calls upon it to "address any questions the trial court has." (Humberto S., supra, 43 Cal.4th 737, 755.) This is likely to occur when the subpoena concerns privacy rights of third parties.
Petitioner Randolph Clifton Kling seeks a writ of prohibition to compel respondent superior court to vacate its order granting the People's motion to unseal reporters' transcripts of in camera hearings conducted pursuant to section 1326, subdivision (c). We grant the petition.

*228 Facts

A grand jury indicted Kling on seven felony counts, including two counts of first degree murder with special circumstances alleged for multiple murders, lying in wait, and financial gain. (§§ 187, subd. (a), 190.2, subd. (a)(1), (3), (15).) During its investigation, the defense sought production of various records and served subpoenas on third parties. The subpoenaed records were delivered to the clerk of the trial court and examined by the court in camera, in the presence of defense counsel. (§ 1326, subd. (c).) Some of the in camera hearings occurred without notice to the People.
In January of 2008, Kling requested the trial court not to disclose to the prosecution information concerning the subpoenas. Kling contended that knowledge of the records subpoenaed would reveal defense strategies and work product. The prosecution argued the "People have a right to know the items subpoenaed . . . and what the court is contemplating releasing, to determine if the People have standing to object, to alert other persons who may have standing to object, or to join the defendant's attempt to obtain information therein." The prosecution did not object, however, to an in camera hearing for the court to hear defense arguments concerning the relevance of the subpoenaed items so it could determine whether to release the subpoenaed items.
On February 5, 2008, the trial court ordered that all documents received by the court pursuant to a defense subpoena were "to be logged in the docket, noting the date received and the party supplying the documents."[2] The court stated that it found "no authority supporting the defense request to have no documentation in the file identifying the receipt of subpoenaed documents and the agency or person from whom they were received. The Court [found] that there is no privilege that applies to this information."
The Ventura County Superior Court clerk makes docket reports available to the public in both a "short" and "long" format, with slightly more information contained in the long format. In accordance with the trial court's order of February 5, 2008, the clerk began recording in the long docket report the names of the third parties from whom the defense had subpoenaed documents.
On February 20, March 6, March 28, April 8, April 28, and May 1, 2008, the trial court conducted in camera hearings with defense counsel to review subpoenaed documents. The court released documents to the defense and ordered transcripts of the in camera hearings sealed.
*229 On May 20, 2008, relying on the recent case of Humberto S., supra, 43 Cal.4th 737, the People requested that the trial court examine the transcripts of all previously closed hearings and unseal any transcripts that did not contain defense theories of relevance.
On June 18, 2008, the trial court issued an order unsealing the transcripts of in camera hearings held on November 28, 2007, and March 28, April 8, April 28, and May 1, 2008, and a portion of the February 20, 2008, transcript. The court stated that it would review the transcripts of December 27, 2007, and March 6, 2008, and issue a later ruling whether those transcripts would also be unsealed. The court stated the transcripts it had ordered unsealed contained "nothing but cursory discussions of subpoenaed records, nothing about defense strategy." The court stayed its order unsealing the transcripts to permit defense counsel to seek writ relief.
Kling then filed the instant petition for a writ of prohibition. We issued an alternative writ directing the trial court to vacate its order granting the People's motion to unseal the transcripts of the in camera hearings, or show cause why a writ should not issue compelling it to do so. The trial court elected not to vacate its order and the People filed a return to the petition.[3]

Discussion

Much Ado About Knowing
Kling contends the trial court's order unsealing the transcripts of the in camera hearings amounts to discovery not authorized by the criminal discovery statutes. The court's order forces him to make "the Hobson's choice of going forth with his discovery efforts and revealing possible defense strategies and work product to the prosecution, or refraining from pursuing these discovery materials to protect his constitutional rights and prevent undesirable disclosures to his adversary."
The People contend the defense counsel's ex parte discussions with the court on matters unrelated to strategy are not authorized by section 1326, subdivision (c). Because the trial court narrowly tailored its order to seal only those transcripts that reveal defense theories of relevance, the People argue writ relief is not warranted.
*230 (1) "Prosecutorial discovery is a pure creature of statute, in the absence of which, there can be no discovery. . . . `. . . [U]nder the reciprocal discovery provisions of section 1054 et seq., all court-ordered discovery is governed exclusively byand is barred except as provided bythe discovery chapter. . . .'" (Hubbard v. Superior Court (1997) 66 Cal.App.4th 1163, 1167 [78 Cal.Rptr.2d 819], citations omitted; see § 1054, subd. (e) ["no discovery shall occur in criminal cases except as provided by this chapter, other express statutory provisions, or as mandated by the Constitution of the United States"].) "A trial court should not attempt to embroider the discovery statute to provide greater discovery rights for the prosecution." (Hubbard, at p. 1169.)
Section 1326, as amended in 2004, sets forth the methods for issuing and complying with a subpoena duces tecum issued by the defense in a criminal case requiring the production of documents from a third party. Section 1326, subdivision (b) provides: "A subpoena issued in a criminal action that commands the custodian of records or other qualified witness of a business to produce books, papers, documents, or records shall direct that those items be delivered by the custodian or qualified witness in the manner specified in subdivision (b) of Section 1560 of the Evidence Code." (Italics added.) Evidence Code section 1560, subdivisions (b) and (c) provide that the custodian of records or other qualified witness who was served with the subpoena shall deliver the records to the clerk of the trial court in a sealed envelope.
(2) Section 1326, subdivision (c) provides that when the defendant issues a subpoena duces tecum in a criminal case, the court may order an in camera hearing to determine whether the defendant is entitled to receive the documents contained in the sealed envelope. Subdivision (c) precludes the trial court from ordering the records disclosed to the prosecution unless the defendant intends to introduce them as evidence in the trial.
Section 1326, subdivision (c) does not require the defense to disclose to the prosecution the identities of the third parties upon whom it has served subpoenas or the nature of the documents sought. Nor does the statute discuss the prosecution's role during the court's review of documents tendered in response to defense third party subpoenas.
(3) Evidence Code section 1560, subdivision (d) also applies to third party discovery proceedings in criminal cases. (Humberto S., supra, 43 Cal.4th 737, 749.) Subdivision (d) provides in part that, unless the parties to the *231 proceeding otherwise agree, "the copy of the records shall remain sealed and shall be opened only at the time of trial . . . or other hearing, upon the direction of the judge, . . . in the presence of all parties who have appeared in person or by counsel at the trial . . . or hearing." (Italics added.) Evidence Code section 1560 suggests that "opposing parties have a right to notice and presence, but it leaves unanswered the degree of any further participation, neither guaranteeing nor prohibiting it." (Humberto S., at p. 749.)
In Humberto S., the prosecution moved to quash a third party subpoena issued by the defense for a victim's medical records. Our Supreme Court held that a prosecutor's argument at a third party discovery hearing, whether permitted or solicited by the trial court, did not amount to the representation of third party interests, and did not require recusal of the prosecutor. The court stated: "[A] prosecutor is not entitled to submit argument in certain types of third party discovery proceedings. This does not mean the prosecution is prohibited from doing so; certainly with the trial court's consent, he or she is allowed to do so. Indeed . . . the prosecutor is entitled to notice of the hearing and may there address any questions the trial court has. . . . Having been allowed to participate in the hearing, the prosecutor is not for that reason then subject to recusal unless he or she has . . . formally assumed representation of a third party." (Humberto S., supra, 43 Cal.4th 737, 755, citations omitted.)
(4) Humberto S. instructs that the People are entitled to notice of a hearing relating to third party subpoenas issued by the defense under section 1326. But Humberto S. does not sanction disclosure to the People of the identity of the third parties to whom the defense has issued subpoenas or the nature of the records sought. Humberto S. draws a parallel between the prosecution's participation in Pitchess procedures and section 1326 hearings.[4] In neither proceeding is the prosecution entitled to participate, but may participate if the court so desires. (Humberto S., supra, 43 Cal.4th 737, 750, 755.)
Here, the prosecution did not receive notice of every in camera hearing. But that does not entitle it to knowledge of what took place at any of the in camera hearings. No statutory or constitutional authority permits disclosure to the prosecution of the names of the third parties to whom defense subpoenas have been issued or the nature of the records produced. Unsealing transcripts *232 of any in camera hearing could result in disclosure of information the defense may not use at trial and, in turn, inhibit defense counsel's investigation. This does not prejudice the People. Section 1054.3 requires disclosure of evidence the defense intends to offer at trial.
The cases relied upon by the People are not helpful. In City of Alhambra v. Superior Court (1988) 205 Cal.App.3d 1118 [252 Cal.Rptr. 789], and Department of Corrections v. Superior Court (Ayala) (1988) 199 Cal.App.3d 1087 [245 Cal.Rptr. 293], the appellate courts allowed the prosecution limited disclosure of information contained in defense subpoenas. But neither case has application here. They predate the enactment of the reciprocal discovery provisions in section 1054.3 and the recent amendments to section 1326.[5] Here the People will know what documents were subpoenaed if the defense decides to use them at trial. The People are not entitled to know what the defense subpoenaed but will not use at trial.
The federal authorities cited by the People are inapposite because the federal rules require the defense to file a noticed motion before a third party subpoena may issue. (See U.S. v. Beckford (E.D.Va. 1997) 964 F.Supp. 1010, 1025-1032; U.S. v. Tomison (E.D.Cal. 1997) 969 F.Supp. 587, 595.)

Victims' Bill of Rights
We reject the People's contention that Proposition 9, the "Victims' Bill of Rights Act of 2008: Marsy's Law," which amended the California Constitution to guarantee crime victims a number of rights, provides authority for the trial court's order. Proposition 9 expands the definition of "victim" to include "a person who suffers direct or threatened physical, psychological, or financial harm as a result of the commission or attempted commission of a crime" as well as "the person's spouse, parents, children, siblings, or guardian" and "a lawful representative of a crime victim who is deceased." (Cal. Const., art. I, § 28, subd. (e).)
Victims have the right "[t]o prevent the disclosure of confidential information or records to the defendant, the defendant's attorney, or any other person acting on behalf of the defendant, which could be used to locate or harass the victim or the victim's family or which disclose confidential communications *233 made in the course of medical or counseling treatment, or which are otherwise privileged or confidential by law." (Cal. Const., art. I, § 28, subd. (b)(4).) This right to prevent disclosure may be enforced by a "victim, the retained attorney of a victim, a lawful representative of the victim, or the prosecuting attorney upon request of the victim . . . in any trial or appellate court with jurisdiction over the case as a matter of right." (Id., § 28, subd. (c)(1), italics added.) Victims have the right to "be heard, upon request," at "any proceeding in which a right of the victim is at issue." (Id., § 28, subd. (b)(8).)
The People contend these new constitutional rights allow for both victims and the prosecution to know what records are sought, and when critical hearings will be held. The People observe that the defense issued subpoenas for financial records of Lori Budfuloski (the widow of one of the victims in this case) and personal records regarding Kling's sister. In the penalty phase of the case, the People intend to present evidence of crimes committed by Kling against his sister, arguably also a "victim" for purposes of Proposition 9. Kling's sister objected to the release of her college records, but not in time to prevent their release. The People argue that had they received timely notice of what had been subpoenaed, they might have been able to bring the issue to the court's attention. They argue that, to protect victims' rights under Proposition 9, the prosecution must know what records are being sought by the defense and reviewed by the court.
(5) The People concede the in camera hearings predated the enactment of Proposition 9. These new constitutional provisions do not allow the prosecution to see all defense third party subpoenas. Proposition 9, like section 1326, empowers the trial court to ask questions pertinent to privacy rights of third parties without hindering a defendant's ability to prepare a defense. If the trial court, in its discretion, determines that an in camera hearing under section 1326 is warranted, the prosecution is entitled to notice of the hearing and may alert the court to the provisions of Proposition 9.

Conclusion
(6) Section 1326 does not require the trial court to conduct an in camera hearing every time it receives documents produced in response to third party subpoenas issued by the defense. If a trial court chooses to conduct such a hearing under section 1326, the prosecution is entitled to notice of the hearing and to be present. (Humberto S., supra, 43 Cal.4th 737, 755.) The prosecution's role is limited. Unless the prosecutor has been requested by a victim to *234 enforce rights guaranteed by Proposition 9, the prosecutor is not statutorily authorized to argue or otherwise participate in the in camera hearing, but may be available to answer any questions the trial court has.
Consistent with Evidence Code section 1560, subdivision (d), the trial court may open the sealed envelopes containing records produced in response to defense subpoenas without disclosing to the prosecution the identity of the third parties or the nature of the documents. If the court has questions concerning the relevance of the documents produced, the court should conduct an in camera hearing in the presence of defense counsel only. Before deciding whether the defense is entitled to receive the subpoenaed documents, the trial court may ask the prosecution questions it deems appropriate to protect the privacy rights of parties subpoenaed. We acknowledge this requires great care because it must do so in a manner that does not prejudice the defense.
(7) If the trial court determines in camera that the documents the defense has subpoenaed are not relevant, the prosecution's participation is not necessary. If the court determines in camera that the documents are relevant, the prosecution will see them in due time if the defense uses them at trial. The court's in camera ruling on relevance, however, does not forestall the prosecution from objecting to the admission of the evidence on relevancy or other grounds at trial.
There may be cases in which the trial court determines it necessary to ask questions of the prosecution in addition to questions it has posed to the defense in camera to protect privacy rights of third parties. The court may solicit suggestions from the defense on how best to ask these questions without disclosing defense strategies. In many cases this goal may be difficult, if not impossible, to achieve. In that event, the defense may be forced to choose either to disclose the subpoenaed document to the prosecution or to forego receiving the document.
The trial court's ruling on the question of the delivery of any documents to the defendant should be made in open court without identifying the third parties who produced the documents or the nature of the documents produced. Because section 1326 precludes the trial court from disclosing the records to the prosecution, the clerk's public (or long form) docket notes should not identify the names of the third parties from whom documents have been received. Needless to say, the prosecution may not receive copies of transcripts of in camera hearings held pursuant to section 1326. Those transcripts shall remain sealed as provided by section 1054.7.

*235 Disposition

We grant the petition. Let a peremptory writ of prohibition issue directing the respondent superior court to vacate its order of June 18, 2008, granting the People's motion to unseal reporters' transcripts of in camera hearings conducted pursuant to section 1326, and to enter a new order denying the People's motion. The alternative writ is discharged and this opinion is made final immediately as to this court.
Coffee, J., and Perren, J., concurred.
NOTES
[1] All statutory references are to the Penal Code unless otherwise stated.
[2] We have taken judicial notice of the trial court's order of February 5, 2008. (Evid. Code, §§ 452, subd. (d), 459, subd. (a).)
[3] Kling has since been found guilty of the charged murders, but not sentenced. Kling's conviction may render the matter moot. Because the issue here is a matter of public interest and may likely recur, we will resolve the issue. (Abbott Ford, Inc. v. Superior Court (1987) 43 Cal.3d 858, 868, fn. 8 [239 Cal.Rptr. 626, 741 P.2d 124]; Beilenson v. Superior Court (1996) 44 Cal.App.4th 944, 948-949 [52 Cal.Rptr.2d 357].)
[4] The Pitchess decision allows the defense limited discovery of police personnel records where police misconduct is alleged. (Pitchess v. Superior Court (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305].)
[5] In 1990, the electorate passed an initiative measure designated on the ballot as Proposition 115 and entitled the "Crime Victims Justice Reform Act." Proposition 115 added constitutional and statutory language authorizing reciprocal discovery in criminal cases and a new chapter in the Penal Code on the subject (§ 1054 et seq.). As a result of Proposition 115, discovery in criminal cases is now governed primarily by statutory law. (In re Littlefield (1993) 5 Cal.4th 122, 129-130 [19 Cal.Rptr.2d 248, 851 P.2d 42]; 5 Witkin, Cal. Criminal Law (3d ed. 2000) Criminal Trial, § 30, pp. 76-77.)